**FILED**

FEB 1 8 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FREDDIE FOUNTAIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Case: 1:15-cv-00243
Assigned To : Unassigned
Assign. Date : 2/18/2015
Description: Pro Se Gen. Civil

### MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and dismiss the petition.

The petitioner is "a prisoner of the Texas Department of Criminal Justice . . . assigned to administrative segregation at the Cofield Unit . . . in Tennessee Colony, Texas[.]" Compl. ¶ 3. Generally, the petitioner's claims arise from the conditions of his confinement, *see id.* ¶ 5, which allegedly violate federal and international law, *see id.* ¶¶ 6-13. The petitioner asks this Court to compel the respondent "to immediately and properly move by any necessary means to intervene, or seek to intervene by motion" in three civil actions now pending before the United States District Court for the Eastern District of Texas. *Id.* at 6 (page number designated by the petitioner). In addition, he demands that the respondent "instigate and investigation . . . and/or

bring criminal proceedings against the actors" responsible for the conditions of his confinement. *Id.*

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). This petitioner addresses none of these elements, and thus fails to meet his burden. Furthermore, "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor,* 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and the Attorney General's decision to investigate any particular matter is left to his discretion, *see Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("Courts have also refused to review the Attorney General's litigation decisions in civil matters."); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case").

The petition for a writ of mandamus will be denied. An Order accompanies this Memorandum Opinion.

DATE: 2/9/2015

United States District Judge